UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------
                                                           :
DEER HUNTER, INC,                          :     CASE NO. 5:06-CV-0312
                                                           :
          Petitioner,                    :
                                                           :     ORDER AND OPINION
   vs.                                             :     [Resolving Doc. No. 1, 7]
                                                           :
BUREAU OF ALCOHOL, TOBACCO,    :
FIREARMS, AND EXPLOSIVES           :
                                                           :
          Respondent.                   :
                                                           :
-----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Respondent Bureau of Alcohol, Tobacco, Firearms, and Explosives' ("ATF") moves for summary judgment [Doc. 7]. The Petitioner Deer Hunter, Inc. opposes the motion [Doc. 12]. For the reasons described below, the Court GRANTS the Respondent's motion and DISMISSES the Petition.

**I. Background**

In April 1986, Respondent Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued Petitioner Deer Hunter, Inc. a license to sell firearms. (Mot. Summ. J. 4-5.) At that time, an ATF agent conducted an application inspection and instructed Deer Hunter's owner, William Shillingburg, on ATF's recording regulations. (*Id.*) Among the requirements that the agent covered were purchaser identification forms, the acquisition and disposition bound book ("bound book"),

-1-

Case No. 5:06-CV-0312
Gwin, J.

and multiple sales reports.[1] (*Id.*) Subsequently, between April 1986 and December 2004, ATF inspectors conducted nine compliance inspections, and cited Deer Hunter for recording violations after eight of those visits.[2] After the May-July 1999 inspection, ATF issued Deer Hunter a warning that "the violations were grounds for [license] revocation, and that repeat violations . . . would be viewed as willful and might lead to revocation." (*Id.* at 8.)

On July 20, 2005, ATF issued Deer Hunter a notice of revocation, and on September 14, 2005 issued a replacement notice alleging four violations[3] arising out of the December 2004 inspection. (Reply Br. 1.) Shillingburg requested an administrative hearing. (*Id.*)

At the September 28, 2005 administrative hearing, Shillingburg appeared on behalf of Deer Hunter. He appeared without counsel. At the hearing, ATF attorneys submitted evidence of Deer Hunter's noncompliance history. (Compl. ¶¶ 6-7, 9.) In its defense, Shillingburg testified that Deer Hunter's record keeping was faulty because of newly-hired staff and because the inspection occurred during the store's busiest season. (Mot. Summ. J. 10.) He also questioned the validity of one allegation. (*Id.*) He further testified that he discussed the recording regulations with ATF officials at prior inspections. (*Id.* at 11.) The presiding officer discarded the contested allegation, and found

---

[1] Form 4473 identifies firearm purchasers and must be completed by both the purchaser and the licensee. *See* 27 C.F.R. § 478.124. The licensee records firearms passing through the retail location in the acquisition and disposition bound book to track inventory. *See* 27 C.F.R. § 478.125. Finally, the licensee files Form 3310.4 to report all sales of multiple firearms to the same purchaser in a five-day period. *See* 27 C.F.R. § 478.126a. The licensee must file the Forms 3310.4 by the close of the business day on which the purchase occurred. *Id.*

[2] ATF conducted compliance inspections in March-April 1988, January 1992, March-April 1995, September 1996, April-May 1998, May-July 1999, June 2000, November 2002-March 2003, and December 2004. (Mot. Summ. J. 5-9.) ATF issued citations after each inspection except June 2000. (*Id.*) Deer Hunter was cited five times for incomplete purchaser identification forms, six times for incomplete bound book records, and five times for failing to file multiple sales forms. (*Id.*) Deer Hunter was also cited once for selling a firearm to an underage purchaser. (*Id.*)

[3] The full text of the four counts against the Petitioner is available at pages 1-2 of the Petitioner's Reply Brief.

Case No. 5:06-CV-0312
Gwin, J.

that Deer Hunter violated ATF regulations as alleged in the other three. (*Id.*) On December 13, 2005, ATF issued a final notice of revocation. (Compl. ¶ 10.) On February 9, 2006, Deer Hunter filed the present action for *de novo* review pursuant to 18 U.S.C. § 923(f)(1).

## II. Legal Standard

### A. Scope of *De Novo* Review

When ATF revokes a license to sell firearms under the Gun Control Act of 1968, 18 U.S.C. §§ 921 *et seq.* ("GCA"), the licensee is entitled to an agency hearing. 18 U.S.C. § 923(f)(2). Upon petition, federal courts may exercise *de novo* review of adverse determinations of ATF's actions. *Id.* § 923(f)(3); *Rich v. United States*, 383 F. Supp. 797, 798-99 (S.D. Ohio 1974) ("A determination 'de novo' places the review in an entirely different posture than a review of administrative decisions generally. '. . . the decision of the Secretary is not clothed with any presumption of correctness or other advantage.'" (quoting *Weidner v. Kennedy*, 309 F. Supp. 1018, 1019 (C.D. Cal.1971)). A reviewing court may exercise discretion to "consider any evidence submitted by the parties." *See, e.g.*, *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir. 1980) (quoting 18 U.S.C. § 923(f)(2)). The ATF's decision and factual determinations receive whatever weight the court feels is appropriate. *See id.* This Court's *de novo* review, therefore, allows the Court to go beyond the evidence considered at the section 923(f)(2) hearing and to make an independent determination regarding whether the ATF decision was authorized.

### B. Summary Judgment

The Respondent moves for summary judgment. Summary judgment on a petition is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Case No. 5:06-CV-0312
Gwin, J.

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It is not sufficient for the non-moving party merely to show that there is some existence of doubt as to the material facts. *Id.*

In ruling on a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the non-moving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). Ultimately the court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).

### III. Discussion

The Petitioner makes two arguments against the Respondent's conduct at the revocation hearing. He first argues that ATF denied him sufficient notice and opportunity to be heard at the hearing. (Reply Br. 5.) He then contends that the presiding hearing officer did not consider all of the relevant facts, and submits additional affidavits for the Court's consideration. (Shillingsburg Aff. ¶¶ 8-10.) The Court considers each of these in turn.

Case No. 5:06-CV-0312
Gwin, J.

**A. Process Due at the ATF Hearing**

The Petitioner first contends that ATF failed to provide sufficient notice and opportunity to be heard at its administrative hearing. (Reply Br. 5.) He argues that because the notice of revocation did not reference the earlier citations, the earlier citations should have been inadmissible at the hearing. (*Id.*) However, the Petitioner misconstrues those citations' purpose. ATF introduced the Petitioner's prior violations to show that the violations cited in December 2004 were willful under the GCA. *See* 18 U.S.C. § 923(e). The Sixth Circuit defines willfulness as acting with indifference toward a known legal obligation. *Appalachian Res. Dev. Corp. v. McCabe*, 387 F.3d 461, 464 (6th Cir. 2004). This standard is satisfied when, as here, a petitioner acknowledges past recording violations and discussions with ATF officials regarding compliance, but nonetheless continues to discharge its duties insufficiently. *See id.*

The Petitioner next cites *Rich v. United States*, 383 F. Supp. 2d 797 (S.D. Ohio 1975), as support for the argument that ATF must provide licensees with notice of its reasons for holding a revocation hearing. (Reply Br. 5-6.) But the Petitioner interprets *Rich* too broadly. He appears to suggest that his compliance history was unavailable because ATF did not explicitly notify him of its intent to use his history at the hearing. However, *Rich* demands only that ATF notify the licensee of the reasons *for revocation*. *Rich*, 383 F. Supp. at 801. ATF's revocation notice referred to the violations found at the December 2004 inspection, and the final revocation notice remained within the scope of the pre-hearing notice. Accordingly, ATF provided the Petitioner with adequate notice of the reasons for revocation.

Moreover, even if ATF was required to notify the Petitioner of its intent to introduce his past violations as evidence, it met that requirement. The Petitioner acknowledges the ATF inspectors

Case No. 5:06-CV-0312
Gwin, J.

discussed faulty record keeping with the Petitioner on several occasions between April 1986 and December 2004. (Mot. Summ. J. 10-11.) Additionally, in 1999, inspectors explicitly warned the Petitioner that if he continued to keep faulty records, ATF might seek to revoke his license for willful violation of the GCA. (*Id.* at 6.) Finally, the September 14, 2005 notice referred to the Petitioner's past violations. (Resp. Reply Br. 6.) Accordingly, the Court finds that the Petitioner received notice of the consequences of the past violations.

For the foregoing reasons, the Court holds that ATF hearing process satisfied due process requirements.

**B. Factual Challenges**

The Petitioner next makes three factual challenges to the violations that he says were not considered at the hearing.[4/] (Shillingsburg Aff. ¶¶ 8-10.) The Court considers them briefly.

First, in response to count two, the Petitioner claims that he made mistakes in transferring the serial numbers from firearms into his bound book because a number of factors make them difficult to read. (Shillingsburg Aff. ¶ 8.) However, count two also alleges one instance of a wrongly recorded manufacturer and two in which the serial numbers in the bound book and the purchaser identification form do not match. Even if the Court accepts his first explanation, that explanation does not apply to all of the errors alleged in count two. Thus, this argument is insufficient.

---

[4/] The GCA only authorizes this court to consider facts not *considered* by the ATF hearing officer. *See* 18 U.S.C. § 923(f)(3). The statute does not, however, authorize the Court to accept wholly new information. Accordingly if this evidence was omitted at the hearing, as the Petitioner argues, it is not within the scope of the Court's *de novo* review. However, ATF submits that these assertions were in fact discussed and fully considered at the hearing, and points to transcript excerpts to support its contention. (Resp. Reply Br. 9-10.) Because the Court interprets the facts in the light most favorable to the Petitioner, the Court will assume that these arguments were submitted but not considered.

Case No. 5:06-CV-0312
Gwin, J.

Second, the Petitioner describes the steps he took after the December 2004 citation to ensure compliance with the regulations (*Id.* ¶ 9.) Significantly, however, he does not challenge that he committed the violations. Corrective actions taken after the inspection – while laudable – are not defenses to earlier violations. Therefore, this argument is also unavailing.

Finally, in response to count four, the Petitioner argues that compliance with the same-day reporting requirements for multiple sales is impossible. (*Id.* ¶ 10.) He claims that Deer Hunter's bookkeeper leaves at 5:00 pm, and multiple sales occurring later in the evening are reported within two days. (*Id.*) This, too, is unavailing: the Petitioner's employees' work schedule is not a valid defense. The Petitioner, as owner, had both the authority and the obligation to devise an employee scheduling system that would facilitate compliance.

Accordingly, the Court finds that the Petitioner has not provided sufficient factual challenges to ATF's authorization to revoke his license. ATF would be authorized to revoke the Petitioner's license for even one violation. *Appalachian Res.*, 387 F.3d at 464. Here, the Petitioner has admitted to multiple violations. The Court therefore finds that he has no tenable claim that ATF was not authorized to act as it did.

Even when taking the facts in the light most favorable to the Petitioner, the Petitioner has not established a genuine issue of material fact on which to reverse ATF's determination. The Court must therefore grant summary judgment to the Respondent.

### IV. Conclusion

For the reasons described above, the Court finds as a matter of law that the Respondent ATF

Case No. 5:06-CV-0312
Gwin, J.

was authorized to revoke the Petitioner's license to sell firearms. Therefore, the Court **GRANTS** ATF's motion for summary judgment and **DISMISSES** the Petition.

      IT IS SO ORDERED.


Dated: August 3, 2006                      s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE